UNION TRUST COMPANY *vs.* W. T. MARSH.

Plymouth.   December 1, 2, 1927. — May 25, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Surety. Practice, Civil,* Findings by judge.

At the hearing by a judge without a jury of an action of contract by the payee of a promissory note against an accommodation indorser thereof, it appeared that a trustee, who held a mortgage of real estate of the maker of the note in trust for certain of the maker's creditors, including the plaintiff and the defendant, waived priority in a suit by a receiver in bankruptcy proceedings against the maker, whose property thereupon was distributed *pro rata* among all his creditors. The defendant testified that he knew of such waiver but neither knew of nor consented to the distribution among the general creditors, but the judge found on all the evidence and inferences therefrom that the defendant knew of the acts referred to in the proceedings resulting in the relinquishment of priority and consented to the use of the security; and found for the plaintiff. *Held,* that the findings were proper.

CONTRACT.   Writ dated February 8, 1924.

In the Superior Court, the action was heard by *Dillon,* J., without a jury. Material facts are stated in the opinion. The judge found for the plaintiff in the sum of $26,067.92 and interest and reported the case for determination by this court.

*H. C. Thorndike, (P. Potter* with him,) for the defendant.

*A. B. Carey,* for the plaintiff.

WAIT, J.   The defendant contends that he has been deprived of the benefit of the rule of law that a creditor who fails to preserve for the benefit of a surety the property of the debtor which he holds as security for the performance of the debtor's undertaking, releases the surety to the extent of the surety's loss by reason of such failure. He does not deny that no such release results if the surety consents to the doings of the creditor.

The plaintiff brought suit on a promissory note for $50,000 with interest at seven per cent payable to the order of the plaintiff in sixty days after its date, made on June 13, 1922, by the Marsh Motor Car Company and indorsed by the defendant, who was president of the company. There was evidence that on September 15, 1922, the Marsh Motor Car Company by its president, the defendant, mortgaged its real and personal property to the Guardian Savings and Trust Company to secure its note of even date for $149,953.28. The company was in financial straits and the conveyance was made for the security of creditors in name and amount set out in a declaration of trust made by the mortgagee. The plaintiff was one of the beneficiaries named, and its debt was the principal and interest then due on the note here in suit. The defendant was also named as a beneficiary, but the debts scheduled as due to him did not include his liability as indorser of this note. Later, bankruptcy proceedings were instituted against the car company, and as a result of negotiations and court action, which disclosed the conditions fully, the Guardian Savings and Trust Company waived preference as a secured creditor, and a receiver was permitted and ordered to dispose of the property. Under consent orders of the court, all creditors, whether or not secured by the mortgage, received 47.7% of the amounts justly due them. The amount payable to the defendant was in fact received by an assignee who had acted as attorney in the proceedings for the defendant. The plaintiff received $23,932.08 on December 31, 1925, and has received no more. The defendant testified that he knew of the mortgage and of the waiver or release of rights under the mortgage for the benefit of all creditors about two weeks after the receiver was appointed, but did not know that the plaintiff had a claim against him for the unpaid balance and had never consented to the distribution of the assets among the general creditors and was never consulted nor informed of the distribution.

The judge who heard the case without a jury found that the defendant knew of the acts referred to in the papers filed in the proceedings resulting in the relinquishment; and found

on all the evidence and the inferences therefrom that the defendant was liable for the balance, $26,067.92, and interest. He reported the case for our determination.

We see no error. It was a question of fact whether the defendant consented to the way in which the security was used. The judge, as we interpret the findings, found that he did. Such a finding is manifestly justified. It is unnecessary to discuss what rights, if any, the defendant would have had if he had protested, and whether he has been injured under any circumstances. In accord with the report judgment upon the finding is to enter for the plaintiff.

*So ordered.*